UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shae D'lyn and Edgardo Rosa Pomales,<br><br>Plaintiffs,<br><br>-against-<br><br>The City of New York; New York City Police Officer Paola Russell; New York City Police Officer Almodovar; New York City Police Officers Jane and John Does 1 through 8, | |



JUDGE BATTS

'07 CIV 7233

COMPLAINT AND DEMAND
FOR JURY TRIAL

RECEIVED
AUG 1 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Shae D'lyn and Edgardo Rosa Pomales seek relief for defendants' violation of their rights under the Civil Rights Act of 1871, 42 U.S.C. §1983, and under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 12 of the Constitution of the State of New York, and under the laws of the United States and the State of New York.

2.    In the early evening of July 9, 2006, members of New York City Police Department seized and arrested Mr. Rosa while he was standing on a sidewalk in the Little Italy neighborhood of New York City after the conclusion of the 2006 World Cup. Mr. Rosa, a photographer, was taking pictures, including of the police as they were arresting two other people. Seeing this, a police sergeant grabbed Mr. Rosa around the head. Moments later, as his girlfriend cried out, "He's just taking pictures," four more officers proceeded to grab Mr. Rosa, lift him up and violently drop him to the ground, slamming his face into the

pavement, injuring him, damaging his camera and ripping his clothes. As Ms. D'lyn pleaded with them to stop, other police officers violently arrested her. Mr. Rosa and Ms. D'lyn were then forcibly brought to the hallway of an apartment building where they were detained, hands cuffed behind their back for the entire time. After a subsequent detention at the 5th Precinct, they were finally given summonses for disorderly conduct. Mr. Rosa's summons was eventually dismissed and no formal charges were ever filed against Ms. D'lyn.

3.    Based on their actions, it is alleged that the individual NYPD officers, acting under the color or law, unreasonably seized Ms. D'lyn and Mr. Rosa, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 12 of the New York State Constitution, as well as their rights to be free from false arrest, illegal imprisonment, excessive force, and assault and battery.

## JURISDICTION

4.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). The Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

7.     The Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## PARTIES

8.     Plaintiff SHAE D'LYN, also known as Shae D'lyn Sheretz, is a citizen of the United States and a resident of Old San Juan, Puerto Rico.

9.     Plaintiff EDGARDO ROSA POMALES, is a citizen of the United States and a resident of Old San Juan, Puerto Rico.

10.     Defendant CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

11.     Defendant NEW YORK CITY POLICE DEPARTMENT (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the

rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

12.    Defendant PAOLA RUSSELL is a police officer employed by the NYPD who at all relevant times herein was acting in the capacity of agent, servant, and employee of the City. On information and belief, at the time of the incident giving rise to this action Defendant Russell was a member of the 5th Precinct.

13.    Defendant ALMODOVAR is a police officer employed by the NYPD who at all relevant times herein was acting in the capacity of agent, servant, and employee of the City. On information and belief, at the time of the incident giving rise to this action Defendant Almodovar was a member of the 5th Precinct. Plaintiffs are unable to determine the first name of Defendant Almodovar at this time and thus sue him under his last name only.

14.    Defendants JANE and JOHN DOES 1 through 8 are unidentified police officers employed by the NYPD who at all relevant times herein were each acting in the capacity of agent, servant, and employee of the City. Plaintiffs are unable to determine the names of these NYPD officers at this time and thus sue them under fictitious designations. Defendant Does were at the time of the arrest all wearing insignia indicating that they were members of the 5th Precinct.  The uniforms of John Does 1 and 8 signified that they were sergeants at the time of the arrests.

15.    At all times relevant herein, each individual defendant herein was acting under