color of state law in the course and scope of his or her duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

16. Plaintiff D'lyn, who at the time of the incident giving rise to this action was forty-three years old, was born in Abilene, Texas. She is a graduate of the University of Virginia, with honors for her work in the history of the South and the Civil Rights movement from the Special Scholars Program. After graduation, she worked as an investment analyst for the Wall Street firm of Morrow & Co. A year later, Ms. D'lyn moved to Boston and became Vice President of real estate syndication for Boston Capital Partners where she syndicated low-income housing to investors seeking tax credits. After five years in investment banking, Ms. D'lyn went back to school in New York, earning a professional degree in acting. She then went on to a highly successful career in theater, film, and television, starring in over thirty-five productions including eight feature films and a four-year run starring as Jane on ABC's "Dharma and Greg." Ms. D'lyn's experience in acting led her to directing and film-making. She has also founded a production company in Puerto Rico and an artists' cooperative in Los Angeles, New York, Vancouver, and Toronto with

over 400 members.

17. Plaintiff Rosa, who at the time of the incident giving rise to this action was thirty-four years old, is a resident of Puerto Rico. He is a student at the University of Puerto Rico, where he is working towards a master's degree in painting. He is the co-head of Shot in the Dark Films, a company that last year produced two music videos and two documentary films, one of which was shown at the Boston Latino International Film Festival. Mr. Rosa is also a cinematographer, photographer, painter and designer whose art has been featured in various magazines, music videos and exhibitions.

18. In the early evening hours of July 9, 2006, Ms. D'lyn and Mr. Rosa were together on Mulberry Street in New York City's Little Italy. The 2006 World Cup match between France and Italy had just finished, and, with Italy victorious, a celebration ensued on the street.

19. A young man who was hanging from a fire escape was pulled down off of it by the police, who, in effectuating his arrest, slammed him against a brick wall and threw him to the ground. Mr. Rosa photographed this, as well as a subsequent arrest of a second young man who appeared also to be taking pictures of the incident with his cellular telephone camera. Seeing Mr. Rosa taking these photographs, John Doe 1, a sergeant, grabbed Mr. Rosa around the head.

20. Ms. D'lyn, pleaded with the officer to stop, crying out, "He's just taking pictures." Yet four more officers, defendants Almodovar and John Does 2 through 4, joined

John Doe 1 in grabbing Mr. Rosa, picking him up and carrying him to toward the middle of the street where they violently dropped him to the ground, slamming his face into the pavement in full view of Ms. D'lyn.

21. At the same time this was happening Defendant Does 5, 6 and 7 grabbed Ms. D'lyn, violently handcuffing and arrested her.

22. Ms. D'lyn and Mr. Rosa were forcibly brought into the hallway of a nearby apartment building where they and the other arrestees, handcuffed behind their backs, were made to stand with their faces against the wall for approximately a half hour, until Ms. D'lyn prevailed upon the officers to let them sit upon the hard marble floor.

23. From the apartment building, Ms. D'lyn and Mr. Rosa were taken, along with the other arrestees, to 5th Precinct were Ms. D'lyn was kept handcuffed to a bench and Mr. Rosa was placed in a holding pen with other arrestees for approximately another hour.

24. John Doe 8, a second sergeant, was present during the incident and failed to do anything to prevent the other defendant officers from arresting and detaining Ms. D'lyn and Mr. Rosa.

25. As a result of the police conduct, Mr. Rosa was physically injured, the blue jeans he was wearing were torn and his camera damaged.

26. Ms. D'lyn and Mr. Rosa were ultimately given a summons charging them with disorderly conduct (N.Y. Penal Law § 240.20). Those summonses were signed by Defendant Russel, as Complainant.

27. In connection with the summons issue to Ms. D'lyn, on the return date of September 7, 2006, the Criminal Court of the City of New York, County of New York, issued a notice stating that "the NYPD has failed to file a legally acceptable accusatory instrument with this court."

28. The summons issued to Mr. Rosa, it was dismissed as facially insufficient on the return date of September 7, 2006 by a judge of the Criminal Court of the City of New York, County of New York.

## NOTICES OF CLAIM

29. Plaintiffs each filed a Notice of Claim with the Office of the Comptroller of the City of New York on October 6, 2006.

## CAUSES OF ACTION
(Both Plaintiffs)

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 Against Individual NYPD Defendants

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. In violently arresting, seizing and detaining Plaintiffs without cause, the defendant NYPD officers deprived Plaintiffs, under color of law, of their rights, *inter alia*, to be free from unreasonable seizures, false arrest and imprisonment, excessive and unreasonable force under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.