32.     As to Defendants John Does 1 and 8, both sergeants and thus supervisors, liability also lies, *inter alia*, on the ground that they were present during the other defendant officers' actions and could have prevented them from violating Plaintiffs' rights but failed to do so.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

33.     All other paragraphs herein are incorporated by reference as though fully set forth.

34.     Municipal liability for the violations of Plaintiffs' Constitutional rights rests upon the grounds set forth below.

35.     At all times material to this complaint, the City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36.     At all times material to this complaint, the City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim for
### False Arrest and Illegal Imprisonment

37.    All other paragraphs herein are incorporated by reference as though fully set forth.

38.    By the actions described above, the individual defendants, jointly and severally, violated Plaintiffs' rights under New York law to be free from false arrest and imprisonment. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery

39.    All other paragraphs herein are incorporated by reference as though fully set forth.

40.    By the actions described above, the individual defendants, jointly and severally violated Plaintiffs' rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority.  Municipal liability for these torts rest upon principles of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Violation of Rights under New York State Constitutional

41.    All other paragraphs herein are incorporated by reference as though fully set forth.

42.    In arresting, and detaining Plaintiffs, the individual defendants, jointly and

severally, engaged in unreasonable searches and seizures in violation of Article I, Section 12 of the New York Constitution.

**WHEREFORE**, each Plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Declare that the defendants violated Plaintiffs' the constitutional rights;

3.    Award compensatory and punitive damages against the defendants, jointly and severally;

4.    Award reasonable costs, disbursements and attorneys' fees; and

5.    Grant any other relief the Court deems appropriate and proper.

Dated:  New York, New York
        August 10, 2007

Respectfully submitted,

Darius Wadia, L.L.C.

By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212

TO:

The City of New York
Law Department
100 Church Street, 4th Floor
New York, New York  10007

Police Officer Paola Russell                    Police Officer Almodovar
5th Precinct                                    5th Precinct
19 Elizabeth Street                             19 Elizabeth Street
New York, New York 10013                        New York, New York 10013