USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/05/07

MEMO ENDORSED

RECEIVED
SEP - 5 2007
CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

HILLARY A. FROMMER
*Senior Counsel*
Phone: (212) 788-0823
Fax: (212) 788-9776
hfrommer@law.nyc.gov

September 4, 2007

**VIA HAND DELIVERY**
The Honorable Deborah A. Batts
Untied States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  D'lyn v. The City of New York et al.
          07 Civ. 7233(DAB)

Dear Judge Batts:

    I am the Senior Counsel with the Office of the Corporation Counsel assigned to the defense in the above-referenced matter in which plaintiffs allege that she they were falsely arrested and subjected to excessive force by members of the New York City Police Department. Defendant City of New York respectfully requests that its time to respond to the complaint be extended for sixty days from the current due date of September 10, 2007 until November 9, 2007. I have spoken with plaintiffs' counsel and plaintiffs consent to this request. No previous request for an extension has been made by defendant.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, defendant City needs this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs through their counsel for execution consents and authorizations for the release of sealed records so that the defendant can access the information, properly assess the case, and respond to the complaint. Additionally, because both plaintiffs have alleged physical injuries as a result of the events complained of, this office has forwarded to them for execution consents and authorizations for the release of medical records, at this point limited to the incident, again so the defendant can access the information, properly assess the case, and respond to the complaint.

/DAB/ GRANTED 9/05/07

**SO ORDERED**
*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

Finally, upon information and belief, the individual defendants have not been served with the summons and complaint. This extension should provide time for plaintiff to serve that individual defendant and, if timely served, for this office to properly investigate plaintiff's allegations and make a representational decision with respect to the individual defendant. *See Mercurio v. The City of New York et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to November 9, 2007.

Thank you for your consideration in this matter.

Respectfully submitted,

Hillary A. Frommer (HF 9286)
Senior Counsel

cc: Darius Wadia, Esq. (via facsimile)