UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHAE D'LYN and EDGAR ROSA POMALES

                                Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
OFFICER PAOLA RUSSELL; NEW YORK CITY
POLICE OFFICER ALMODOVAR; NEW YORK CITY
POLICE OFFICERS JANE AND JOHN DOES 1
THROUGH 8,

                                Defendants.

**ANSWER BY PAOLOA RUSSELL**

JURY TRIAL DEMANDED

07 Civ. 7233 (DAB)

------------------------------------------------------------------- x

      Defendant Police Officer Paola Russell, by her attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the Complaint, respectfully alleges upon information and belief as follows[1]:

      1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

      2. Denies the allegations set forth in paragraph "2" of the complaint.

      3. Denies the allegations set forth in paragraph "3" of the complaint.

      4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

---

[1] The City of New York interposed its answer on December 10, 2007.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to bring this action in the venue of this Court as stated therein.

7. Defendant states that the allegations set forth in paragraph "7" of the complaint are not averments requiring responses.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Admits the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, and respectfully refers this Court to the New York City Administrative Code and New York City Charter for a recitation of the relationship between the City and the New York City Police Department.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that Paola Russell is employed as a police officer with the New York City Police Department and was assigned to the 5th Precinct on July 9, 2006.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Defendant states that the allegations set forth in paragraph "15" of the complaint constitute legal conclusions to which no response is required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits that plaintiffs were on Mulberry Street on July 9, 2006.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that plaintiffs were transported to the 5th Precinct.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiffs were each issued a summons.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

43. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

44. Any injuries in the complaint were caused, in whole or in part, by plaintiffs' culpable or negligent conduct.

### FOR A THIRD AFFIRMATIVE DEFENSE

45. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### FOR A FOURTH AFFIRMATIVE DEFENSE

46. Plaintiffs provoked any incident.

### FOR A FIFTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to comply with all conditions precedent to suit.

### FOR A SIXTH AFFIRMATIVE DEFENSE

48. Defendant has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

49. There was probable cause for plaintiffs' arrest.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. Punitive damages are not available against the City of New York.

## FOR A NINTH AFFIRMATIVE DEFENSE

51. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of her discretion.

WHEREFORE, defendant Officer Paola Russell respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 19, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants City and Russell
        100 Church Street
        Room 3-212
        New York, New York 10007
        (212) 788-0823

        By: _____
            Hillary A. Frommer (HF 9286)
            Senior Counsel

Index No. 07-Civ-7233 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAE D'LYN and EDGAR ROSA POMALES

Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
OFFICER PAOLA RUSSELL; NEW YORK CITY POLICE
OFFICER ALMODOVAR; NEW YORK CITY POLICE
OFFICERS JANE AND JOHN DOES 1 THROUGH 8,

Defendants.

## ANSWER BY DEFENDANT PAOLA RUSSELL

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Russell*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 2007-025781*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 200......*

*.................................................................... Esq.*

*Attorney for ....................................................*